UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

---

ELECTRICAL CONSTRUCTION INDUSTRY
PREFUNDING CREDIT REIMBURSEMENT PROGRAM
a/k/a ELECTRICAL CONSTRUCTION INDUSTRY
HEALTH & WELFARE PLAN,
ELECTRICAL CONSTRUCTION INDUSTRY
ANNUITY PLAN,
ELECTRICAL CONSTRUCTION INDUSTRY
PENSION PLAN,
MILWAUKEE ELECTRIC JOINT APPRENTICESHIP
& TRAINING TRUST FUND,
ELECTRICAL CONSTRUCTION INDUSTRY
VACATION - HOLIDAY PLAN,
and ROBERT RAYBURN and DEAN WARSH,
in their capacity as Trustees of the Funds,

    Plaintiffs,

    vs.          Case No. _____

T.E.C. ELECTRIC, LLC,

    Defendant.

---

## COMPLAINT
---

  **NOW COME** the Plaintiffs Electrical Construction Industry Prefunding Credit Reimbursement Program a/k/a Electrical Construction Industry Health & Welfare Plan, Electrical Construction Industry Annuity Plan, Electrical Construction Industry Pension Plan, Milwaukee Electric Joint Apprenticeship & Training Trust Fund, and Electrical Construction Industry Vacation - Holiday Plan (hereinafter referred to as "Funds"), and Robert Rayburn and Dean Warsh, in their capacity as Trustees of the Funds, by their

attorneys, Reinhart Boerner Van Deuren, s.c., by Philip R. O'Brien, and as and for a cause of action against the Defendant, allege and show to the Court the following:

## JURISDICTIONAL AND FACTUAL ALLEGATIONS

1. Jurisdiction of this Court is founded upon section 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185 (a)), and section 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans, and trust agreements, and Defendant's continued refusal to submit timely contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of the Employee Retirement Income Security Act of 1974, the Multiemployer Pension Plan Amendments Act of 1980, the terms and provisions of the employee benefit plans, Section 301 of the Labor-Management Relations Act of 1947, federal common law, and the laws of the State of Wisconsin.

2. Plaintiffs Electrical Construction Industry Prefunding Credit Reimbursement Program a/k/a Electrical Construction Industry Health & Welfare Plan, Electrical Construction Industry Annuity Plan, Electrical Construction Industry Pension Plan, Milwaukee Electric Joint Apprenticeship & Training Trust Fund and Electrical Construction Industry Vacation - Holiday Plan are employee benefit plans within the meaning of sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, PL. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132, and 1145) and/or section 301 of the Labor-Management Relations Act of 1947, and bring this action on

behalf of the Trustees, participants and beneficiaries of said Funds. Said Funds maintain offices at 11001 West Plank Court, Suite 120, Wauwatosa, Wisconsin 53226.

3. Plaintiffs Robert Rayburn and Dean Warsh are trustees and fiduciaries of the Electrical Construction Industry Board Benefit Funds, as well as participants and beneficiaries within the meaning of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1002 *et seq*.) and as such have standing to be Plaintiffs in this action and to seek the remedies prayed for.

4. Defendant T.E.C. Electric, LLC (hereinafter referred to as "TEC Electric"), is a domestic limited liability corporation organized under the laws of the State of Wisconsin, with principal offices located at W228 S8445 King Street, Big Bend, Wisconsin. The corporation's registered agent for service of process is Jody Lynn Timm, W228 S8445 King Street, Big Bend, Wisconsin.

5. Defendant TEC Electric is an employer and party in interest in an industry affecting commerce within the meaning of sections 3(5), (11), (12), and (14) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1002(5), (11), (12), and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. § 151, *et seq.*).

6. For all times relevant, Defendant TEC Electric was a party to and agreed to abide by the terms of collective bargaining agreements identified as: the Inside Wiremen Agreement between Local No. 494, International Brotherhood of Electrical Workers, AFL-CIO ("IBEW Local No. 494"), and Electrical Contractors Association Milwaukee Chapter, N.E.C.A., Inc., originally signed by Local 494 and TEC Electric on May 30, 2006, by means of a Letter of Assent, which remains in effect to the present; and the Residential Wireman Agreement between Local No. 494, International Brotherhood

of Electrical Workers, AFL-CIO, ("IBEW Local No. 494") and Electrical Contractors Association Milwaukee Chapter, N.E.C.A., Inc., originally signed by Local 494 and TEC Electric on June 22, 2016, by means of a Letter of Assent, which remains in effect to the present.  IBEW Local No. 494 is a labor organization which represents, for purposes of collective bargaining, certain employees of Defendant, and employees of other employers, in industries affecting interstate commerce within the meaning of sections 2(5), 9(a) and 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. § 151, *et seq.*).  Copies of the Letters of Assent and the current Inside Wireman and Residential Wireman Agreements are attached hereto as **Exhibit A.**

7. The executed collective bargaining agreements described herein contain provisions whereby Defendant TEC Electric agreed to make timely payments to the Plaintiff trust funds for each employee covered by said agreements.  By execution of said collective bargaining agreements, Defendant adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as its representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

8. By virtue of executing the collective bargaining agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Defendant TEC Electric has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned labor agreements;

b. to designate and accept as its representatives the Trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted; and

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent and/or late-paid contributions, and actual attorneys' fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions and/or interest and/or liquidated damages.

9. Defendant TEC Electric may have failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreements and trust agreements for all of TEC Electric's covered employees; and

b. failing to accurately report employee work status to the Funds.

10. Section 502(g)(2) of ERISA, as amended by section 306(b)(2) of the Multiemployer Pension Plan Amendments Act of 1980, provides:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of the title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
>     (A)    the unpaid contributions,
>
>     (B)    interest on the unpaid contributions,
>
>     (C)    an amount equal to the greater of --
>
>         (i)    interest on the unpaid contributions, or
>
>         (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
>     (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
>     (E)    such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Title 26.

*See* 29 U.S.C. § 1132(g)(2).

11. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

*See* 29 U.S.C. § 1145.

6

43625501

12.     The Collection Policy, incorporated into the Funds' Trust Agreements, authorizes the Trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

13.     Pursuant to the Collection Policy, the Fund Trustees have established rules governing delinquencies which provide that the delinquent employer, in the case of legal actions to collect delinquencies, shall be liable for the delinquent collection amount; interest on the unpaid contribution amount, or a part thereof, that the remittance is late, plus additional interest on all contributions remaining unpaid; liquidated damages at the rate of $35 per month on each Monthly Payroll Report that are not received before the due date up to a maximum of $500, plus thereafter to a maximum of 20% of the amount due; all costs of recovery, including, but not limited to, attorneys' fees and costs of prosecution of the legal action.  A copy of the Collection Policy is attached hereto as **Exhibit B.**

14.     Despite demands that Defendant TEC Electric perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant may have failed, neglected and omitted and refused to make those payments on a timely basis. As a result, Defendant TEC Electric may now indebted to the Plaintiff Funds in an amount unknown at this time.

15.     Defendant TEC Electric has refused to submit to a standard audit for the period of January 1, 2018 to the present with the representatives of the Plaintiff Funds

despite the Funds' authority to perform such an audit and, as such, additional amounts that may be due to the Funds are unknown.

## CLAIM FOR RELIEF AGAINST DEFENDANT TEC ELECTRIC: BREACH OF CBA AND TRUST AGREEMENT RULES (AUDIT)

16. Plaintiff Funds reallege each and every allegation contained in Paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. The Collection Policy, as well as the Inside Wireman Agreement (Section 14.05) and Residential Wireman Agreement (Section 16.04) state that TEC Electric must retain necessary employment, personnel, and payroll related records, and make such records available at all reasonable times for inspection and audit by the Funds, and that TEC Electric shall promptly furnish to the authorized auditors employed by the Trustees of the Funds, on demand, all necessary employment, personnel, and payroll related records relating to its former and present employees under this Agreements, as well as former and present employees not covered by the Agreements, including any relevant information that may be required in connection with the administration of the Funds, for their examination, whenever such examination is deemed necessary by the Trustees, in order to ensure an accurate accounting of benefits due and owing and/or to be credited to the Funds' participants and beneficiaries.

18. Due demand has been made upon the Defendant for proper audit of its books and records in accordance with the Funds' Collection Policy and the collective bargaining agreements, but TEC Electric has refused to submit to said audit, pay them, or any part thereof, and all amounts remain due and owing.

19. Because Defendant has failed to submit to the audit for the period January 1, 2018 to the present, if amounts are discovered to be due and owing some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for

8

43625501
Case 2:20-cv-00802-WED   Filed 05/28/20   Page 8 of 11   Document 1

which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with its collective bargaining agreements and enjoined from further breaches.

20. Due demand has been made upon the Defendant for access to its full books and records to perform an audit in order to determine the amounts due and owing the Funds, but said Defendant has refused all said requests, despite the Funds' legal right to inspect all payroll records of the employer, including the records of employees who are not participants in the Funds for the period January 1, 2018 to the present. *See Central States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc.,* 472 U.S. 559 (1985); *Electrical Indus. Prefunding Credit Reimbursement Program v. Veterans Elec., LLC*, 941 F.3d 311 (7th Cir. 2019).

**WHEREFORE,** Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against the Defendant:

   A. For contributions, interest, and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds from January 1, 2018 to the date of the filing of this lawsuit, pursuant to ERISA and the terms of the Trust Agreements, and the applicable Fund delinquency rules;

   B. For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the Trust Agreements and the applicable Fund delinquency rules; and

   C. For unpaid contributions, variances, interest, and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

9

2. An order requiring Defendant to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Defendant TEC Electric's accounts receivable. With respect to each account receivable, Defendant shall itemize:

    a. The amount of each account receivable.

    b. The period of time during which such receivable accrued.

    c. The location of the premises upon which the work was performed.

    d. The nature of the improvement involved for which the account receivable is due.

    e. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing Defendant TEC Electric to submit to an audit of the company's books and records by the Plaintiff Funds' designated representative for the period January 1, 2018 to the present.

4. The Court should retain jurisdiction pending compliance with its orders.

5. For such other, further, or different relief as the Court deems just and proper.

Dated this 26th day of May, 2020.

                                                  */s/ Philip R. O'Brien*
                                                  PHILIP R. O'BRIEN (SBN 1015549)
                                                  MALINDA J. ESKRA (SBN 1064353)
                                                  Attorneys for Plaintiffs
                                                  Reinhart Boerner Van Deuren, s.c.
                                                  1000 North Water Street
                                                  Suite 1700
                                                  Milwaukee, WI 53202
                                                  414-298-1000 (telephone)

414-298-8097 (facsimile)
pobrien@reinhartlaw.com
meskra@reinhartlaw.com